UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD DELEON,                )
                              )
        Plaintiff,             )   Case No. 1:03-cv-820
                              )
v.                             )
                              )
BBI ENTERPRISES GROUP, LP,    )   **MEMORANDUM OPINION**
                              )
        Defendant.             )
_____)

   This was a civil rights action brought under Title VII of the Civil Rights Act of 1964 to redress alleged employment discrimination. The case was assigned to former District Judge David W. McKeague, who entered an order of dismissal with prejudice on February 4, 2005, pursuant to the stipulation of the parties. (Order of Dismissal, docket # 81). After Judge McKeague's appointment to the United States Court of Appeals for the Sixth Circuit, all post-judgment matters in cases formerly assigned to Judge McKeague are referred to the Chief Judge of this court for review and action. (Administrative Order 06-41).

   Presently pending before the court is plaintiff's motion to enforce a settlement agreement and for the imposition of costs and attorney's fees. (Motion, docket # 82). The motion recites that the parties negotiated a monetary settlement, effective February 9, 2005, in addition to plaintiff's reinstatement to employment. The motion alleges that the defendant corporation filed a petition in bankruptcy twenty-three days later, thus avoiding immediate payment of the settlement

amount. The bankruptcy proceeding was thereafter dismissed, and plaintiff therefore seeks an order compelling payment of the agreed-upon settlement, in addition to attorney's fees and costs.

Plaintiff's motion is barred by the rule enunciated by the United States Supreme Court in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994). In *Kokkonen*, the Court held that a federal district court lacks jurisdiction to enforce a settlement agreement terminating litigation unless the court "expressly retained jurisdiction to enforce the settlement agreement" or "incorporated the terms of the settlement into the dismissal order." 511 U.S. at 380-81. In the present case, the stipulated order of dismissal provided in its entirety as follows:

> The parties having stipulated to entry of this Order through their respective counsel and the Court otherwise being fully advised in the premises;
>
> IT IS HEREBY ORDERED that Plaintiff's claims against Defendant BBi Enterprises Group, LP are hereby dismissed with prejudice and without cost to any of the parties.

(Order of Dismissal, docket # 81). The order did not expressly retain jurisdiction to enforce the settlement agreement or incorporate any of the settlement terms. In fact, the dismissal order contains no reference to the fact of settlement whatsoever. *Kokkonen* therefore deprives this court of subject-matter jurisdiction to redress any breach of the settlement agreement.

Applying *Kokkonen*, the Sixth Circuit holds that a district court lacks subject-matter jurisdiction to enforce a settlement agreement, even where the order recites that the dismissal is "pursuant to the terms of the parties' settlement agreement." *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000). Ancillary jurisdiction to enforce a settlement agreement only exists when the order of dismissal somehow retains jurisdiction over the settlement agreement or incorporates the terms of settlement. *See RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633,

641-45 (6th Cir. 2001). In the case of an unconditional order, such as that entered by Judge McKeague in the present case, the court lacks ancillary jurisdiction. Furthermore, the case is not subject to reopening under Rule 60(b) of the Federal Rules of Civil Procedure, as a mere request to enforce a private settlement agreement does not constitute an extraordinary circumstance justifying relief under Rule 60(b). *See McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-04 (6th Cir. 2000) ("Nor can Rule 60(b)(6) be used to support the district court's attempt to enforce provisions of the settlement agreement not expressly incorporated in the dismissal order.").

The *Kokkonen* Court held that enforcement of a settlement agreement is for the state courts, unless there is some independent basis for federal jurisdiction. 511 U.S. at 382. The only conceivable independent basis for jurisdiction is diversity of citizenship. The diversity statute, 28 U.S.C. § 1332(a), requires that the amount in controversy, exclusive of interest and costs, exceed $75,000.00. Plaintiff's motion does not allege the requisite amount in controversy. Furthermore, any independent action to enforce a settlement agreement must be initiated by the filing of a complaint alleging the basis for this court's jurisdiction, accompanied by the appropriate filing fee.

For the foregoing reasons, the court finds that it lacks subject-matter jurisdiction to adjudicate plaintiff's motion for enforcement of the settlement agreement and for other relief. Plaintiff's motion will therefore be dismissed.

Date:     May 11, 2006              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE